FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

NOV 23 2010

Stephan Harris, Clerk
Cheyenne

**RICHARD A. MINCER, #6-2886**
**AMANDA M. GOOD, #6-4094**
Hirst Applegate, LLP
1720 Carey Avenue, Suite 200
P. O. Box 1083
Cheyenne, WY 82003-1083
(307) 632-0541
FAX: 307-632-4999

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| MATOOK R. NISSIM AND JACQUELYN NISSIM<br><br>Plaintiffs,<br><br>vs.<br><br>XANTERRA PARKS & RESORTS, INC., BRETT EASTMAN, individually and as an employee of XANTERRA PARKS & RESORTS, INC., and MICHAEL STAKER, individually and as an employee of XANTERRA PARKS & RESORTS, INC.<br><br>Defendants. | Docket _____, No. _____<br><br>10CV 255-D |

## *COMPLAINT*

Plaintiffs Matook R. Nissim and Jacquelyn Nissim, for their *Complaint* against Defendants Xanterra Parks & Resorts, Inc. ("Xanterra"), Brett Eastman and Michael Staker, state and allege as follows:

### PARTIES/JURISDICTION

1. Plaintiffs are, and at all times relevant to this action were, residents of Walnut Creek, Contra Costa County, California.

2.      Defendant Xanterra, upon information and belief, is, and at all times relevant to this action was, a Delaware corporation doing business in Yellowstone Park, Park County, Wyoming.

3.      Defendants Brett Eastman and Michael Staker were at all times relevant to this action working for Xanterra in Park County, Wyoming.

4.      The injuries and damages sustained by Plaintiff Matook Nissim that are the subject matter of this *Complaint* occurred in Park County, Wyoming.

5.      Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332. The amount in controversy substantially exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

6.      Venue is proper in this district pursuant to 28 U.S.C. §1391, because the claim arises out of an occurrence in Park County, Wyoming.

## FACTS

7.      On or about July 2, 2009, Mat Nissim and his wife, Jacquelyn, took a Xanterra trail ride in Yellowstone Park. The ride began at Roosevelt Stables.

8.      Xanterra wranglers Brett Eastman and Michael Staker accompanied the Plaintiffs and other trail riders on this trail ride.

9.      The wranglers did not check Matook Nissim's horse's cinch after leaving the corral at the very beginning of the trail ride.

10. As the group of riders started up a steep hillside, Mat's saddle began to slip.

11. Mat continued to ride toward the top of the hill and was able to shift his weight enough to keep himself on the horse.

12. Some of the riders called to one of the wranglers to ask that the wrangler check Mr. Nissim's saddle, but it took some time to get the wranglers to respond to the riders' calls.

13. Michael Staker did not respond to the riders' calls for help. Brett Eastman finally rode back toward Mat. When Mr. Eastman reached Mat's horse, Mr. Eastman grabbed Mat's saddle and gave it a hard jerk.

14. The jerk and/or Mat's horse's reaction to the jerk threw Mat to the ground.

15. As a result of the Defendants' actions and inactions, Plaintiff Mat Nissim suffered multiple personal injuries that resulted in various past medical expenses, loss of income, disability, disfigurement, pain and suffering, loss of enjoyment of life, physical impairment, emotional distress and will result in future medical expenses.

16. Mr. Nissim's injuries were not the result of an inherent risk of a guided trail ride.

## COUNT I – NEGLIGENCE

17. Plaintiffs re-allege and incorporate by reference Paragraphs 1-16 above.

18. Xanterra's wranglers had a duty to exercise reasonable care in their work with the trail riders, including Plaintiffs, and to act as skilled guides.

19. Xanterra's wranglers breached the aforementioned duties by failing to tighten the cinch and by acting unreasonably both before and after they were notified that the saddle was slipping.

20. As a direct and proximate result of Xanterra's wranglers' breach of the aforementioned duty, Plaintiff Matook Nissim sustained serious and permanent injuries and suffered significant damages, including, but not limited to, past and future medical expenses, pain and suffering, loss of enjoyment of life, physical impairment, loss of income, disability and emotional distress.

21. At all times relevant to this *Complaint*, Xanterra's wranglers, Brett Eastman and Michael Staker, were employees and/or agents of Xanterra and were acting within the course and scope of their employment.

22. Xanterra is vicariously liable for Mr. Eastman's and Mr. Staker's negligence at the time of the above-described accident.

## COUNT II – DIRECT NEGLIGENCE OF XANTERRA

23. Plaintiffs reallege and reincorporate the allegations in paragraphs 1-22 above.

24. Defendant Xanterra promised the Nissims that they would provide appropriate equipment and skilled guides for the trail ride.

25. As such, Defendant Xanterra had a duty to hire safe and skilled personnel to work as wranglers on its trail rides and/or a duty to adequately train and supervise its wranglers in the use of proper procedures, techniques and other actions while working with and around the horses used on, and the riders that participated in, Xanterra's trail rides.

26. Xanterra breached the aforementioned duties by allowing wranglers Brett Eastman and/or Michael Staker to serve as guides on this trail ride. Xanterra was negligent in hiring unskilled wranglers and/or in failing to train or supervise these wranglers in the use of proper procedures, techniques and other actions while working with and around the horses used on, and the riders that participated in, Xanterra's trail rides.

27. As a direct result of this breach, Plaintiff Matook Nissim sustained serious and permanent injuries and suffered significant damages, including, but not limited to, past and future medical expenses, pain and suffering, loss of enjoyment of life, physical impairment, loss of income, disability, disfigurement and emotional distress.

## COUNT III – LOSS OF CONSORTIUM

28. Plaintiffs reallege and reincorporate the allegations in paragraphs 1-27 above.

29. At all times material herein, Plaintiffs Matook Nissim and Jacquelyn Nissim were, and continue to be, married.

30. As a direct and proximate cause of the negligence of Xanterra and its wranglers, as set forth above, and as a direct result of her husband sustaining injuries as set forth above, Plaintiff Jacquelyn Nissim has in the past and will in the future be deprived of the services, society, support, comfort, companionship and consortium of her husband. By reason of the foregoing, Plaintiff Jacquelyn Nissim has sustained damages in an amount to be established by the evidence at the trial of this matter.

## DAMAGES

31. Plaintiffs reallege and reincorporate the allegations in paragraphs 1-30 above.

32. In addition to the general damages stated, Plaintiffs suffered special damages, including but not limited to:

   a. Past and future medical expenses of at least $130,478.00; and

   b. Past and future lost income in an amount to be determined at trial.

**WHEREFORE,** Plaintiffs pray for judgment against Defendants for general and special damages in an amount to be determined by the evidence at trial, and for their costs and such other and further relief as the Court deems just and proper.

DATED: 23 November 2010.

        MATOOK R. NISSIM AND JACQUELYN NISSIM, Plaintiffs

BY: _____
        **RICHARD A. MINCER, #6-2886**
        **AMANDA M. GOOD, #6-4094**
        OF HIRST APPLEGATE, LLP
        Attorneys for Plaintiff
        1720 Carey Avenue, Suite 200
        P.O. Box 1083
        Cheyenne, WY 82003-1083
        (307) 632-0541